UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC MANDELL,

                Plaintiff,

                                          9:06-CV-1478
v.                                           (GTS/DEP)

GLENN S. GOORD, WILLIAM LAPE;
LIEUTENANT WHITMORE;
CORRECTIONS OFFICER DZWONKAS;
CORRECTIONS OFFICER HALL;
CORRECTIONS OFFICER ANNA; and
SERGEANT R. HAWES,

                Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

ERIC MANDELL
   Plaintiff, *Pro Se*
80 E. 110th Street, Apt. 3A
New York, NY 10029

HON. ANDREW M. CUOMO                        TIMOTHY P. MULVEY, ESQ.
Attorney General for the State of New York      Assistant Attorney General
   Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2455

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action are (1) Defendants' motion for summary judgment (Dkt. No. 43), and (2) United States Magistrate Judge David E. Peebles's Report-Recommendation recommending that Defendants' motion for summary judgment be granted in part and denied in part (Dkt. No. 44). Neither party filed any Objections to the Report-Recommendation. For the reasons set forth below, the Report-Recommendation is

accepted and adopted in its entirety, and Defendants' motion is granted in part and denied in part.

I.  **BACKGROUND**

Plaintiff filed his Complaint in this action on December 11, 2006. (Dkt. No. 1.) Having originally named the corrections officers involved as "John Doe" Defendants, on June 4, 2007, Plaintiff was permitted to amend his Complaint to name Defendants, who are now identified as Lieutenant Whitmore, Sergeant R. Hawes, Corrections Officers Dzwonkas, Hall and Anna, Commissioner Goord, and Marcy Superintendent Lape (all of whom are sued in their individual and official capacities). (Dkt. No. 14.) Generally, in his Amended Complaint, Plaintiff alleges that Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution by (1) subjecting him to excessive use of force, (2) denying him medical treatment for the serious injuries sustained as result of the assault, (3) denying him due process at a disciplinary proceeding, (4) retaliating against him for pursuing an appeal of his grievance, and (5) conspiring to retaliate against him and cover up their unconstitutional conduct. (Dkt. No. 15.) In addition, Plaintiff advances pendent state law claims for assault and battery. (*Id*.)

On November 12, 2008, Defendants filed a motion for summary judgment, arguing that they are entitled to summary judgment because, among other things, Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 43.) On January 27, 2009, the deadline for Plaintiff's submission of papers in opposition to Defendants' motion passed without Plaintiff filing any responsive papers.

On September 1, 2009, Magistrate Peebles issued a Report-Recommendation recommending that Defendants' motions be granted in part and denied in part. (Dkt. No. 44.) More specifically, Magistrate Judge Peebles recommended as follows: (1) that Plaintiff's claims against Defendants Goord and Lape be dismissed for lack of personal involvement; (2) that Plaintiff's Fourteenth Amendment due process claim "be dismissed on the grounds that he has failed to make a threshold showing that an actual liberty interest was implicated by his sixty-nine days of confinement in the facility [Special Housing Unit], and further because, even presuming the deprivation of such a liberty interest, the record establishes that [P]laintiff was afforded all of the process to which he was constitutionally entitled"; and (3) that "[P]laintiff's claims for excessive use of force, denial of medical treatment, retaliation and conspiracy be left intact despite his failure to exhaust his administrative remedies, inasmuch as material questions of fact exist as to whether the alleged threats against him by corrections officers effectively rendered those remedies unavailable and/or should estop [D]efendants from relying on such defense." (Dkt. No. 44.)

Further familiarity with the grounds of Magistrate Judge Peebles's Report-Recommendation is assumed in this Decision and Order.

## II. APPLICABLE LEGAL STANDARDS

### A. Legal Standard Governing Motion for Summary Judgment

Magistrate Judge Peebles correctly recited the legal standard governing a motion for summary judgment, including the standard governing such motions that are not properly opposed by *pro se* litigants. (Dkt. No. 159, at 13-14.) As a result, that standard is incorporated by reference herein.

3

**B.     Standard of Review**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir.1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1]     On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.  ANALYSIS**

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles's thorough Report-Recommendation, the Court concludes that the Report-Recommendation is not clearly erroneous.  Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles's Report-Recommendation (Dkt. No. 44) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 43) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff's claims against Defendants Goord and Lape are **DISMISSED**; Plaintiff's Fourteenth Amendment claim is **DISMISSED**; and Defendants' motion is otherwise **DENIED**.

Dated: September 29, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge